# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

| | |
|---|---|
| **CARLOS JESUS RODRIGUEZ-LOZANO**, <br><br> Petitioner, <br><br> v. <br><br> **JENNIFER SAAD, Warden,** <br><br> Respondent. | **Civil No.: 3:18-CV-84** <br> **(JUDGE GROH)** |

## REPORT AND RECOMMENDATION[1]

### I.   INTRODUCTION

On May 24, 2018, the pro se Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241.  ECF No. 1.  Petitioner is currently housed at McRae CI, with a projected release date of October 31, 2019.[2]  However, at the time of filing his § 2241 petition he was located at FCI Gilmer.[3]  ECF No. 1.  Petitioner is challenging the validity of his sentence, imposed in the United States District Court for the Western District of Texas.  ECF No. 1 at 2.  This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

---

[1] Unless otherwise noted, ECF citations refer to the instant case, No. 3:18-CV-84.

[2] *Inmate Locator*, BUREAU OF PRISONS, https://www.bop.gov/inmateloc/.

[3] The Court further notes that pursuant to Rule 6 of the Local Rules of Prisoner Litigation Procedure, the Petitioner has an obligation to, "notify the Clerk of the Court of an address change" and that failure to do so "will result in dismissal."  LR PL P 6.

## II.  FACTUAL AND PROCEDURAL HISTORY[4]

### A. Conviction and Sentence

On April 22, 2015, a grand jury in the Western District of Texas returned an indictment against Petitioner, in case number 2:15-CR-484.  ECF No. 8.  Petitioner was charged with illegal re-entry into the United States "after having been denied admission, excluded, deported, or removed from the United States," in violation of 8 U.S.C. §§ 1326(a) and (b)(1)/(2)[5].  ECF Nos. 1 at 1, 8.  Petitioner was previously deported from the United States on or about April 1, 2014.  ECF Nos. 1 at 2, 8, 17 at 1.

On June 24, 2015, Petitioner pleaded guilty to illegal reentry into the United States as charged in count one of the indictment.  ECF No. 18.  The sentencing court accepted his guilty plea on July 29, 2015.  ECF No. 20 at 2.

On December 28, 2015, Petitioner was sentenced to 57 months' imprisonment followed by 3 years of supervised release.  Id. at 2 – 3.

---

[4] All CM/ECF references in this Facts section (II.), unless otherwise noted, refer to entries in the docket of Criminal Action No. 2:15-CR-484, Western District of Texas, available on PACER.  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (Courts "may properly take judicial notice of public record); Colonial Penns. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

[5]  8 U.S.C. § 1326(b) provides that:

> Notwithstanding subsection (a), in the case of any alien described in such subsection--
> **(1)** whose removal was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony), such alien shall be fined under Title 18, imprisoned not more than 10 years, or both;
> **(2)** whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such title, imprisoned not more than 20 years, or both.

### B. Direct Appeal

A review of the docket on PACER shows that Petitioner did not appeal his conviction or sentence.

### C. Post-Conviction Relief – Other Petitions and Motions

A review of the docket on PACER shows that Petitioner did not seek any judicial relief prior to the instant § 2241 petition.

## III. PETITIONER'S CLAIMS

On May 24, 2018, Petitioner submitted his Petition for Habeas Corpus challenging his sentence. ECF No. 1. In support of his § 2241 petition before this Court, Petitioner states a single ground for relief. Id. at 5. Petitioner alleges that the term "aggravated felony" within the Immigration and Nationality Act is unconstitutionally vague under Sessions v. Dimaya, 138 S. Ct. 1204 (2018).[6] Id. This court liberally construes Petitioner's citation to United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), as an assertion that he is entitled to relief under the savings clause of 28 U.S.C. § 2255 (e). Id. at 11. For relief, Petitioner requests the Court vacate his sentence, and resentence him without enhancements. Id. at 10.

## IV. LEGAL STANDARDS

### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the

---

[6] The undersigned notes that Petitioner cites to "U.S. v. Dimaya," but the Court liberally construes that to mean Sessions v. Dimaya, __U.S.__, 148 S.Ct. 1204 (2018).

3

petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

**B. Pro Se Litigants**

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[7] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but

---

[7] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

>also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are generally required to proceed under § 2255 in the District Court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[8] (2) the prohibition against successive petitions, or (3) a

---

[8] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;

procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[9] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

---

b.   The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
c.   The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
d.   The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[9] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

In re Jones, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

## V. ANALYSIS

As an initial matter, the undersigned notes that Petitioner did not file a direct appeal or motion pursuant to § 2255. In fact, this § 2241 petition appears to be Petitioner's first post-conviction proceeding. ECF No. 1 at 3. However, were the Court

to construe Petitioner's § 2241 as his initial § 2255, it would appear to be both untimely and filed in the wrong district court.

To the extent that Petitioner filed a § 2241 motion and invoked the § 2255(e) savings clause pursuant to Wheeler, as explained in In re Vial, § 2241 relief does not become available simply because § 2255 relief is no longer available due to either a time bar or failing to raise an issue on direct appeal. 115 F.3d at 1194. Moreover, the one year limitation for an initial § 2255 petition has long passed. Judgment was entered in this case on December 28, 2015, and became final 14 days later, on January 11, 2016. Petitioner failed to file either a direct appeal or a petition through 28 U.S.C. § 2255 during that one year period, which expired on January 11, 2017. A § 2255 petition cannot be deemed inadequate or ineffective in this matter merely because Petitioner did not file either a direct appeal or § 2255 motion.[10]

Furthermore, Petitioner cannot demonstrate that § 2255 is inadequate or ineffective because he cannot meet all four prongs of the Wheeler test. As for the first prong, Petitioner was sentenced to 57 months of imprisonment on December 28, 2015, a sentence which was legal at that time. Subsequent to Petitioner's conviction—he did not appeal or file for relief under § 2255—he alleges that the Supreme Court's decision in Sessions v. Dimaya changed the substantive law which he was convicted of violating, and that change was deemed to apply retroactively apply on collateral review, thereby entitling him to relief. Dimaya found that the residual clause of 18 U.S.C. § 16(b) which defines a crime of violence as "any other offense that is a felony and that, by its nature,

---

[10] The Court notes that the second prong of the Wheeler test contemplates successive § 2255 motions, not an initial § 2255 motion, in that the change in law is supposed to have occurred after a petitioner's first § 2255 motion was decided.

involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," was void for vagueness. 138 S. Ct. at 1215-16, 1223.

However, the Supreme Court's decision in Dimaya has not been deemed to be retroactive on collateral review. If it had, Petitioner could have filed for relief under § 2255(h)(2), and Petitioner could not satisfy the third prong of Wheeler and seek relief through a § 2241 petition. Further, despite the change in substantive law, since Dimaya has not been found to be retroactive on collateral review in this Circuit, Petitioner cannot satisfy the second prong of Wheeler to obtain relief through a § 2241 petition.

Nevertheless, assuming Petitioner could satisfy the first three prongs of the Wheeler test, Petitioner cannot meet the fourth prong of Wheeler. Petitioner's conviction for illegal reentry does not provide that he was previously deported from the United States for the commission an aggravated felony, which would have subjected him to a sentence of not more than twenty years under § (b)(2). Although the indictment charged Petitioner with violating section (b)(1)/(2) of 8 U.S.C. § 1326, his judgment lists the general statute of conviction, 18 U.S.C. § 1326, and Petitioner was sentenced to 57 months, or 4 years and 9 months, of imprisonment. W.D.Tx. 2:15-CR-484, ECF Nos. 8, 27. Under the residual clause of § (b)(2), Petitioner was eligible for a sentence of not more than 20 years if his removal was subsequent to a conviction for the commission of an aggravated felony. However, Petitioner's sentence was for a period of time less than half the maximum term for a removal under § (b)(1), or less than a quarter of the maximum term for a removal under § (b)(2). To the extent Petitioner relies on Dimaya, he fails to demonstrate how, even if he were to

demonstrate that he was sentenced under the residual clause of § (b)(2), that his sentence was sufficiently grave to be deemed a fundamental defect under the fourth prong of Wheeler. More succinctly, even if the Court were to invalidate Petitioner's sentence as arguably imposed under § (b)(2), Petitioner would have been exposed under the lesser included offense of § (b)(1) to a concomitant maximum sentence of not more than 10 years. Petitioner's actual sentence of 57 months was less than half that maximum sentence, and accordingly, there is no sufficiently grave error in the sentencing of Petitioner to constitute a fundamental defect under Wheeler.

Petitioner never filed a direct appeal or an initial § 2255 and cannot satisfy the savings clause of § 2255(e) under Wheeler. Accordingly, Petitioner's claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition on the merits. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District


Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 104 S.Ct 2393 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:	July 16, 2019

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE